## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHESTER B. HARRIS, JR. #2163089, | * | |
| # 422-566 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PWG-14-3135 |
| | * | |
| MATTIE MEEHAN, | * | |
| MS. COLLINS, | * | |
| MARYLAND PAROLE COMMISSION, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM  OPINION

Chester B. Harris, Jr., a self-represented plaintiff, filed this complaint pursuant to 42 U.S.C. § 1983. (ECF 1). Defendants Mattie Meehan, Ms. Collins,[1] and the Maryland Parole Commission, by their counsel, have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF 8).  The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).  For reasons to follow, Defendants' Motion to Dismiss will be granted.

## BACKGROUND

Harris complains that Defendants violated his rights to due process and equal protection and discriminated against him by refusing him parole partly because of his "mental health

---

[1] Defendants identify Ms. Collins as Mya Collins. (ECF 8-1).

status." (ECF 1).  As relief, he seeks immediate release from custody and damages in the amount of $100,000.[2]

On February 10, 2014, Harris was found  in violation of a previously imposed probation, and sentenced by  the Circuit Court for Anne Arundel County to one year and one day's imprisonment, beginning on February 10, 2014, for second-degree assault in case number 02-K-12-000622. (ECF 8-2).  On February 11, 2014, Harris was sentenced by the Circuit Court for Baltimore City in case 8132066022 to ten years' imprisonment, with all but six years suspended and 243 days of pre-trial credit, for second-degree assault. (ECF 8-3).

On June 13, 2014, Harris appeared before Defendant Mya Collins, a Parole Commission hearing officer (ECF 1), who recommended delaying a decision pending a determination in "court case 24C13008345." (ECF 8-4).[3]  By letter dated June 15, 2014, Harris asked the Commission to lift the hold, because his petition in case 24C13008345 had been dismissed due to his "failure to file a Memorandum within the allotted time frame." (ECF 8-5).

---

[2]  Because Harris seeks release, damages for violations of his right to due process and equal protection, and lost pay, the Complaint encompasses elements of a hybrid habeas corpus and prisoner civil rights action. *See Wilkerson v. Dotson*, 544 U.S. 74, 81 (2005) (recognizing habeas corpus remedies do not displace actions under 42 U.S.C. § 1983 where prevailing in the civil rights suit would not necessarily invalidate the legality of the state confinement); *Muhammad v. Close*, 540 U.S. 749, 751, 1303, 158 (2004).  As will be discussed herein, Harris fails to show that his confinement is in derogation of his constitutional rights. Accordingly, he presents no grounds for habeas corpus relief.  S*ee* 28 U.S.C. § 2241(c) (providing a federal court may not entertain a habeas petition unless the prisoner is in custody in violation of the Constitution or laws of the United States), and relief will be denied.  A Certificate of Appealability will not issue because Harris has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

[3]  This case involved a petition for judicial review of a decision of the Inmate Grievance Office. *See* Docket, *In re Harris*, No. 24C13008345 (Cir. Ct. Balt. City, filed Dec. 18, 2013), *available at*    http://courts.state.md.us/casesearch/inquiry    Detail.jis? caseId=24C13008345&loc=69&detailLoc=CC.

On July 23, 2014, Collins recommended denying Harris parole, and Parole Commissioner Mattie Meehan adopted the recommendation. (ECF 8-6). Meehan's remarks read:

> Offender is serving his 4th MAI. He has a history of substance abuse issues and recently been diagnosis [sic] with mental health issues according to offender. He has an extensive history of violation on supervision in the community. Offender does not appear suitable for parole.

*Id.*

Harris appealed Commissioner Meehan's determination to a two-commissioner appellate panel. (ECF 8-7; ECF 1).   On October 8, 2014, the Parole Commission appellate panel disapproved the hearing officer's recommendation and scheduled Harris for a parole rehearing in January of 2016. (ECF 8-8).  The appellate panel stated:

> Appellant is serving his 4th MAI [major adult incarceration] and has a poor supervision history.  However, he is a low-moderate risk and if he can complete cognitive programming, such as anger management and victim awareness and if possible, [active work release] before his 1/2016 rehear date, he might be well prepared to release to society.

*Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  The rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006)).  To that end, the court bears in mind the requirements of Fed.R.Civ.P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P.

8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Additionally, I am mindful that Harris is proceeding pro se, and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not excuse a plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D.Md.1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

Defendants' reliance upon Harris's court and parole records does not require that the motion to dismiss be treated as one for summary judgment under Fed. R. Civ. P. 56. A court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion. *See, e.g., Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record . . . ."); *Bes Enterprises, Inc. v. Natanzon*, No. RDB-06-870, 2006 WL 3498419, at * 4 (D. Md. Dec. 4, 2006).

## DISCUSSION

Defendants seek dismissal of the claims against them on several grounds. First, they maintain that the Maryland Parole Commission is not amenable to suit under 42 U.S.C. § 1983. Next, they argue that the complaint fails to state a claim because Maryland prisoners do not have

a liberty interest in parole and Defendants did not violate Harris's right to equal protection.

Defendants also raise qualified immunity as an affirmative defense.[4]

### A. Claims against the Maryland Parole Commission

Defendants assert that Harris cannot bring an action under 42 U.S.C. § 1983 against the

Maryland Parole Commission because it is not a "person" under § 1983, which provides that

> [e]very person, who under color of any statute . . . subjects, or causes the be
> subjected, any citizen of the United States or other person. . . to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the other party in an action at law, suit in equity, or other proper
> proceeding for redress.

This assertion is correct. "Neither a State nor its officials acting in their official capacities are

'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1980).

This Court also notes the Eleventh Amendment prohibits private suits against non-

consenting states and state agencies in federal court. *Pennhurst State Sch. & Hosp. v.

Halderman*, 465 U.S. 89, 100–01 (1984). Maryland has not waived its Eleventh Amendment

immunity. *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003). Thus,

Harris's suit "against [the] Parole Commission, an agency of the State of Maryland, is barred by

the Eleventh Amendment." *Goodman v. Md. Parole Comm'n*, No. AMD-08-1337, 2009 WL

2170043, at *2 (D. Md. July 15, 2009). Accordingly, the Maryland Parole Commission is

entitled to dismissal as a matter of law.

In some circumstances, the Eleventh Amendment also bars suits against a state official in

his official capacity. If the action is essentially to recover money from the state, the official may

---

[4]  As the Court finds no constitutional violations for the reasons stated herein, Defendants'
qualified immunity defense need not be addressed.

invoke Eleventh Amendment immunity because the state is the real party in interest. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). However, the state official remains subject to liability if the plaintiff seeks to enjoin the official from engaging in unconstitutional conduct, alleges that the official's violation is ongoing, and requests only prospective relief. To the extent Harris is seeking damages and compensation against Collins and or Meehan in their official capacities, they are immune from liability under the Eleventh Amendment and entitled to dismissal of the claims against them.

### B. Due Process

The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." A plaintiff may bring a civil action to redress due process violations under 42 U.S.C. § 1983.

A liberty due process claim must identify a protected liberty interest. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Henderson v. Simms*, 223 F.3d 267, 274–75 (4th Cir. 2000); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Absent a protected liberty interest in parole, a prisoner typically cannot mount a challenge against a state parole review procedure on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7.[5] Harris has no due process right to parole because Maryland law "does not create a legitimate expectation of parole release," *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (district court properly held that Maryland inmate had no due process right to a parole hearing). Absent a protected liberty interest in parole, no process is due. *See Henderson v. Simms,* 223 F.3d 267, 274–5 (4th Cir. 2000). Here, Harris was provided a parole review and advised in writing of the reasons for denial of parole. He appealed and was granted a hearing to reconsider his parole. Harris has received all process due to him.[6]

Harris's claim that Defendants wrongfully discriminated against him in denying him parole due to his mental health is belied by his parole records. Defendants Collins and Meehan based their decisions on Harris's criminal and supervision history, not on his self-reported mental health issues. It is clear the commissioners on the appellate panel made no mention of Harris's mental health issues in their decision to rehear his request for parole. (ECF 8-6, 8-8). Defendants observe, however, that even if Harris's mental health status had been considered, the parole statute directs consideration of an inmate's "physical, mental, and moral qualifications" in making parole determinations. Md. Code Ann., Corr. Servs. § 7-305(2). In light of the above, Harris has failed to state a claim of discrimination and Defendants are entitled to dismissal of this claim.

---

[5] If a state creates a protectable expectation of parole by statute-which Maryland does not-due process requires a hearing and a statement of reasons for the denial of parole. *See Greenholtz*, 442 U.S. at 11, 16; *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988).

[6] Of import here, Harris does not claim he was imprisoned beyond his sentence.

## C. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Defendants seek dismissal of the equal protection claims against them based on Harris's failure to identify any similarly situated inmates who were treated differently.[7]   Harris has not presented any factual predicate for his equal protection claim. Moreover, "[prisoners] are not a suspect class such that a more exacting scrutiny is required." *See Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997).

Defendants also explain that the Parole Commission approaches each case on an individual basis, and considers many variables in deciding whether to parole a prisoner.  In this case, Harris is serving his fourth major adult incarceration, and has a poor supervision history. The Commission acted within its discretion in rendering the determinations at issue here.  This claim therefore will be dismissed for failure to state a claim upon which relief may be granted.

---

[7] Harris states he "spoke to a few other inmates, who all went before Mya Collins that were similarly or worsely [sic] situated, and received delayed-release &/or rehearings." (ECF 15-1, p. 7). Harris states he does not know the names of these inmates. *Id.* He provides no specific details in support of these conclusory assertions.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss will be granted.  To the extent this matter presents claims for habeas corpus relief, those claims shall be dismissed as well and a Certificate of Appealability shall not issue.  A separate Order follows.

_08052015_
Date

_____
Paul W. Grimm
United States District Judge